People v Hughes (2025 NY Slip Op 04942)

People v Hughes

2025 NY Slip Op 04942

Decided on September 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 11, 2025

113370
[*1]The People of the State of New York, Respondent,
v
Azar K. Hughes, Appellant.

Calendar Date:August 29, 2025

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Kristin A. Bluvas of counsel), for appellant.
John M. Muehl, District Attorney, Cooperstown (Christopher James Di Donna of counsel), for respondent.

Appeal from a judgment of the County Court of Otsego County (John Lambert, J.), rendered December 20, 2021, which revoked defendant's probation and imposed a sentence of imprisonment.
As relevant here, defendant pleaded guilty to assault in the second degree and was sentenced to five years of probation in April 2021 — subject to various terms and conditions. Less than three months later, defendant was charged with violating his probation by, among other things, having contact with a fellow probationer. At the conclusion of the hearing that followed, County Court found that defendant violated certain terms of his probation, revoked defendant's probation and sentenced him to a prison term of three years, to be followed by 1½ years of postrelease supervision. This appeal ensued.
Defendant, as so limited by his brief, contends that his waiver of the right to appeal is invalid and that the resentence imposed is harsh and excessive. Contrary to the People's assertion, the waiver of appeal made in connection with defendant's guilty plea did not encompass potential probation violations, and defendant did not separately waive his right to appeal in that context. Hence, such waiver — even if otherwise valid — does not preclude defendant from challenging the severity of the resentence imposed (see People v Lister, 235 AD3d 1038, 1039 [3d Dept 2025]; People v Destiny WW., 227 AD3d 1321, 1321 [3d Dept 2024]; People v Hutchings, 215 AD3d 1144, 1145 [3d Dept 2023], lv denied 40 NY3d 929 [2023]). Additionally, although defendant reached the maximum expiration of his prison sentence in December 2024, "he has not reached the maximum expiration date of his postrelease supervision period, and, as such, his challenge to the severity of his sentence is not moot" (People v Arthur, 228 AD3d 1133, 1134 [3d Dept 2024] [internal quotation marks and citation omitted], lv denied 42 NY3d 969 [2024]; see People v Woodruff, 219 AD3d 1017, 1017 [3d Dept 2023]). That said, upon due consideration of all of the relevant factors, including defendant's criminal history, we do not find the resentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]). Accordingly, the judgment is affirmed.
Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.